UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBIN SCHULER,
          Plaintiff,

v.                                     Case No. 18-C-1664

UNITED STATES OF AMERICA,
          Defendant.

## ORDER

Cole Schuler, a U.S. Army veteran, died of a heroin and fentanyl overdose while a resident of an inpatient mental health unit of the Clement J. Zablocki VA Medical Center, where he was receiving treatment for substance use. The United States Department of Veterans Affairs ("the VA") administers the Zablocki VA Medical Center. Schuler's mother, Robin Schuler ("Plaintiff"), brings this wrongful death action against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. § 1346(b), alleging that negligent conduct by the VA and its employees caused Shuler's death. The United States has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff has moved to amend her complaint. The United States opposes the motion to amend, and argues that if the amendment is permitted, the arguments in its Rule 12(c) motion apply with equal force to the amended complaint.

**I.    MOTION TO AMEND COMPLAINT**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleading with leave of court after the time period for amendments as a matter

of course has elapsed, and that a court should freely give such leave when justice so requires. Here, I find it appropriate to grant such leave. This is Plaintiff's first motion to amend her complaint; she filed it promptly after the United States filed its motion for judgment on the pleadings; and it includes information from a police report that defendant disclosed to her by my order after she filed her initial complaint. Plaintiff's motion to amend her complaint is granted. I will treat the United States' motion for judgment on the pleadings as directed to the amended complaint.

## II. MOTION FOR JUDGMENT ON THE PLEADINGS

### A. Pleadings

The amended complaint makes the following factual allegations.

Cole Schuler was a resident of the Zablocki VA's Acute Mental Health Inpatient Unit as part of its Mental Health Residential Rehabilitation Treatment Program beginning October 19, 2015. He was receiving treatment for substance use disorder after relapsing. He had a history of inpatient and outpatient mental health treatment related to substance use disorder and other mental health issues.

Schuler resided in a portion of the mental health inpatient unit known as Domiciliary 123. Domiciliary 123 was organized in five different specialty areas known as "wings"; Schuler lived in D Wing, which housed veterans for substance abuse rehabilitation. Veterans residing in Domiciliary 123 were required to obtain a written pass from a staff member called a "Domiciliary Assistant" in order to leave the facility's grounds. Mr. Schuler was also required to sign in and out of the facility.

At some point on or around November 8, 2015, Mr. Schuler obtained fentanyl and heroin. On November 8, 2015, Mr. Schuler signed in and out of the facility four times. He was last seen entering his room at approximately 6:43 pm on that date. In his room, he used fentanyl and heroin. He was discovered unresponsive on the floor of his room at approximately 9:45 pm. Schuler had been using drugs at the Zablocki VA for several days prior to his death.

The amended complaint references an inspection report on the Zablocki VA's management of mental health care concerns that was compiled by the VA Office of Inspector General ("OIG"). Defendants appended the report to their answer to the original complaint, and the parties agree that the report is incorporated by reference into the pleadings. The report indicates that a patient at the Zablocki VA "was found dead after returning from a pass with no documentation to support that a contraband check had been completed on his return." ECF # 29-1 at 39. Plaintiff alleges that this statement refers to Mr. Schuler and that it indicates that the VA staff did not check him for contraband when he returned from his pass.

The complaint makes additional broad allegations about deficiencies at the VA, largely based on the OIG report. As relevant here, the complaint alleges that the VA was inadequately staffed during the time that Schuler was in residence and that its staff failed to adequately screen visitors, staff and residents or check for contraband in the facility. The complaint also alleges that the Zablocki VA failed to follow procedures to assure that residents were assessed for being under the influence of mind-altering substances.

## B. Legal Standard

The standard applied to a Rule 12(c) motion is the same as that applied to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Craigs, Inc. v. Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993). To avoid dismissal under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must, at a minimum, "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. In construing a plaintiff's complaint, I assume that all factual allegations are true but disregard statements that are conclusory. *Iqbal*, 556 U.S. at 678. I may consider the complaint, the answer, and any written instruments appended as exhibits to those pleadings. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998).

## C. Discussion

The FTCA provides a remedy for personal injury or death caused by the wrongful act or omission of a federal employee acting in the scope of employment. 28 U.S.C. § 1346(b)(1). An FTCA claim requires among other elements that the death or injury occur under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. FDIC v. Meyer, 510 U.S. 471, 477-78 (1994). Because plaintiff's claim arose at the Milwaukee VA, Wisconsin law governs. Under Wisconsin law, wrongful death is a derivative tort, and

plaintiff's wrongful death claim requires her to establish that Mr. Schuler would be entitled to recover if his death had not occurred. Wis. Stat. § 895.03. Here, the plaintiff's theory is that Mr. Schuler would be entitled to recover on a negligence claim had he not died. Under Wisconsin law, a plaintiff must establish four elements to prevail on a negligence claim: (1) a duty of care on the part of the defendants; (2) a breach of that duty; (3) a causal connection between the breach and the injury; and (4) an actual loss or damages resulting from the injury. *Hammann v. U.S.A. and Barron County, Wis.*, 24 F.3d 976, 979 (7th Cir. 1994).

Under Wisconsin law, everyone owes to the world at large the duty of ordinary care. *Behrendt v. Gulf Underwriters Ins. Co.*, 318 Wis.2d 622, 635 (2009). "The duty of ordinary care under the circumstances is determined by what would be reasonable given the facts and circumstances of the particular claim at hand." *Hoida, Inc. v. M&I Midstate Bank*, 291 Wis.2d 283, 308 (2006)).*Hoida*, 291 Wis.2d at 308. "A person is not using ordinary care and is negligent, if the person, without intending to do harm, does something (or fails to do something) that a reasonable person would recognize as creating an unreasonable risk of injury . . . to a person." *Alvarado v. Sersch*, 262 Wis.2d 74, 82 (2003). A duty to use ordinary care is established whenever it is foreseeable that a person's act or failure to act might cause harm to some other person. *Id.*

Here, the Zablocki VA and its staff knew that Mr. Schuler was in treatment for substance use disorder. It is common knowledge that people with substance use disorder often seek out the substances to which they are addicted, and that overdoses of such substances can cause injury or death. It was therefore foreseeable to the VA staff that a failure to reasonably prevent Mr. Schuler from accessing substances might cause harm

to Mr. Schuler. The complaint has plausibly alleged that the VA staff had a duty to act reasonably to prevent Mr. Schuler from accessing substances.

The complaint has also plausibly alleged that the VA staff breached such duty. The complaint alleges that Mr. Schuler had been using substances for several days before his death. A reasonable jury could find that the VA staff's failure for several days to assess whether Mr. Schuler was using drugs so that it might intervene if necessary constituted a breach of the duty to act reasonably to prevent Mr. Schuler from using drugs. The complaint also alleges that no contraband check was recorded when Mr. Schuler returned from his pass on the night that he died. A jury could infer that the VA staff did not check Mr. Schuler for contraband on that night, and could conclude that such failure constituted a breach of the VA staff's duty to act reasonably to prevent Mr. Schuler from accessing drugs.

Defendant argues that it is nevertheless entitled to judgment because Mr. Schuler's ingestion of the drugs constitutes contributory negligence that outweighs the VA's responsibility for Mr. Schuler's death. However, seeking and using substances is a symptom of the condition for which Mr. Schuler was seeking treatment from the VA. The relative responsibility of Mr. Schuler and the VA should not be determined on the pleadings.

## III. CONCLUSION

For these reasons, **IT IS ORDERED** that plaintiff's motion to amend the complaint (ECF # 34) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant's motion for judgment on the pleadings (ECF # 30) is **DENIED.**

Dated at Milwaukee, Wisconsin, this 17th day of April, 2020.

s/Lynn Adelman
LYNN ADELMAN
District Judge
